MADELEINE H. O'CONNOR *vs.* JOHN DALE ET AL.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, JS.

Argued May 9th—decided June 27th, 1933.

*Richardson Bronson,* with whom, on the brief, was *Edward F. Sweeney,* for the appellant (plaintiff).

*Joseph B. Morse,* with whom, on the brief, were *Philip Pond* and *Daniel D. Morgan,* for the appellees (defendants).

PER CURIAM. The plaintiff suffered injuries in an automobile accident while riding as the guest of the defendant Dale and sought recovery against him as the operator of the car and against the defendant Ely, who owned it, upon the ground that Dale was acting as his agent at the time of the accident. In order to recover it was obligatory upon her to prove that Dale was guilty of reckless misconduct within the terms of the so-called "guest law," General Statutes, § 1628, and this issue, as well as that of Dale's agency for Ely, were contested. The trial court found that Dale was not even guilty of negligence and if that conclusion stands, there is no need to consider the issue of Dale's agency. The trial court found the circumstances to be as follows: Dale was driving at night upon a single track dirt road in the country. He was descending a gradual grade, toward a curve. He was proceeding at a speed of twenty-five to thirty miles an hour. Another car was approaching from the opposite direction at a high rate of speed weaving from side to side of the road. Dale turned his car to the right so that the two cars might pass in safety. The lights of the other car blinded him momentarily and his car barely escaped striking a pole

just off the right side of the road. He had only a sufficient view of this pole to indicate the very narrow escape he had and he turned his car to the left to bring it back upon the traveled portion of the road. The dirt along the side of the road was somewhat soft and did not well sustain the wheels of the car and in trying to right his course he lost control of the car, with the result that it ran off the road and collided with a pine tree, causing the injuries which the plaintiff suffered. These findings the plaintiff does not attack and certainly upon them the trial court might reasonably reach the conclusion that Dale was not even negligent, much less guilty of reckless misconduct within the statute.

The plaintiff seeks, however, to add numerous facts to the finding. Certain of these additions state facts which were admitted by Dale in his testimony or were supported by the uncontradicted testimony of disinterested witnesses and were apparently omitted by the trial court because it did not deem them material. Thus it is undisputed that it was at least one hundred and seventy-five feet from the point where the wheels on the right side of Dale's car first passed from the traveled portion of the road into a sandy gutter at the side, to the tree with which it finally collided; that the car, after running for a distance with the wheels in the ditch, came back upon the traveled portion of the road and finally left it in an oblique angle, colliding with the tree, which was some eight feet from the side of the road; that Dale did not materially diminish the speed of the car from the time it first left the traveled portion of the road and did not apply the brakes, though they were in good condition and could have stopped it within a reasonable distance, had they been applied; and that the impact with the tree was so violent as to break off its top and to bend the front

axle of the car very deeply and otherwise do serious injury to it. None of these additions to the finding, if made, would suffice to affect the conclusion of the trial court. Those which concern Dale's conduct after he lost control of his car were evidently in the mind of the trial court when it reached the conclusion that he was not negligent even though he might have avoided the injury by the use of better judgment and by taking another course than he did. Certainly they afford no reasonable basis for a conclusion that because of them he was guilty of reckless misconduct within the meaning of the statute.

There is no error.